UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAMONA J. R.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

CASE NO. 3:23-CV-5172-DWC

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

      Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB") and

supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil

Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the

undersigned Magistrate Judge. *See* Dkt. 2.

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

properly evaluated the medical opinion evidence, Plaintiff's subjective symptom testimony, and

lay witness testimony. The ALJ also properly assessed Plaintiff's residual functional capacity

("RFC") and did not err at step four. Accordingly, the Court affirms the ALJ's decision in finding Plaintiff not disabled.

## FACTUAL AND PROCEDURAL HISTORY

On November 12, 2019, Plaintiff filed for DIB and SSI, alleging disability as of August 8, 2019. *See* Dkt. 12; Administrative Record ("AR") 86, 113, 142, 169. The applications were denied upon initial administrative review and on reconsideration. *See* AR 110, 137, 166, 193. ALJ Allen Erickson held a hearing on August 25, 2022. AR 50-82. During the hearing, Plaintiff amended her alleged onset date to October 6, 2019, the day she experienced a mental health breakdown at work. AR 61. On October 5, 2022, the ALJ issued a decision finding Plaintiff not disabled. AR 17-37. On December 28, 2022, the Appeals Council denied Plaintiff's request to review the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-6; 20 C.F.R. §§ 404.981, 416.1481. Plaintiff now seeks judicial review of the ALJ's decision.

In Plaintiff's Opening Brief, Plaintiff contends the ALJ: (1) erred in evaluating medical evidence, (2) erred in evaluating her subjective symptom testimony, (3) erred in evaluating lay witness evidence, and (4) erred in assessing her RFC, and thus based his step four findings on an erroneous RFC. Dkt. 12, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

///

1    **I.      Whether the ALJ Properly Evaluated Medical Evidence**

2          Plaintiff contends the ALJ failed to properly evaluate the medical evidence. Dkt. 12, pp.

3    2-8.

4          **A.      Step two**

5          At step two, the ALJ determined Plaintiff has the severe impairment of bipolar disorder.

6    AR 22. Plaintiff contends the ALJ erred by disregarding her other diagnoses, including psychotic

7    disorder, unspecified; post-traumatic stress disorder ("PTSD"); major depressive disorder;

8    anxiety with panic attacks and agoraphobia; attention deficit hyperactivity disorder ("ADHD"),

9    and cervical, thoracic, and lumbar strain. Dkt. 12, p. 2. The claimant has the burden at step two

10   to show that he or she has a medically determinable impairment that is severe. *See Bustamante v.*

11   *Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). An impairment is "not severe" if it does not

12   "significantly limit" the ability to conduct basic work activities.  20 C.F.R. §§ 404.1522,

13   416.922.

14         Here, Plaintiff cites to a physical examination prior to her amended alleged onset date, a

15   list of her mental health diagnoses, and a portion of a medical evaluation, but does not explain

16   how these records demonstrate the conditions she listed are "severe" as defined by the

17   regulations. *See* Dkt. 12, p. 1 (citing AR 993, 1077, 1127). Absence of objective medical

18   evidence of a severe impairment may justify an adverse step two determination. *See Ukolov v.*

19   *Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005). Plaintiff has failed to meet her burden of

20   showing her other conditions "significantly limit" her ability to perform basic work activities,

21   therefore Plaintiff's argument fails.

22         Plaintiff also argues the ALJ erred in discounting the medical opinions of Dr. Morteza

23   Sarlak and Ms. Jasmyne Lyons, and in giving weight to the opinions of Dr. Michael Regets and

24

Dr. John D. Gilbert. Dkt. 12, pp. 2-8. Plaintiff also summarizes much of the rest of the medical evidence but fails to make any substantive argument about the ALJ's evaluation of any other opinions other than those discussed herein. *Id*. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus will only consider the ALJ's evaluation of the opinions of the medical sources specifically raised.

Under the applicable rules, the ALJ must "articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions" by considering their supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ is specifically required to consider the two most important factors, supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The supportability factor requires the ALJ to consider the relevance of the objective medical evidence and the supporting explanations presented by the medical source to justify their opinion. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor involves consideration of how consistent a medical opinion is with the other record evidence. 20 C.F.R. § 416.920c(c)(2). Further, under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

### B.    Dr. Sarlak and Ms. Lyons

In December 2019, Dr. Sarlak opined Plaintiff "is not capable to perform her normal job duties" and recommended Plaintiff "needs at least six months of resting period along with on going counseling therapy, and medication management." AR 1072.  Ms. Lyons opined Plaintiff's

- 4 -

1  ability to understand, remember, and carry out simple and complex instructions is "poor"; ability

2  to sustain concentration and persist in work-related activity at a reasonable pace, including

3  regular attendance at work and completing work without interruption, is "fair"; and ability to

4  interact with coworkers, superiors, and the public, and adapt to usual stresses encountered in the

5  workplace is "extremely poor."  AR 1128. The ALJ discounted both opinions, explaining they

6  reflected Plaintiff's condition during "a mental health crisis, and not her general psychological

7  state" and thus inconsistent Plaintiff's overall record. *See* AR 27-28.

8       The ALJ's inconsistency finding is reasonable. Dr. Sarlak's opinion focuses only on

9  Plaintiff's November 11 session when she discussed her mental health breakdown from the

10  previous month. *See* AR 1072 ("According to the information that conveyed to me during the

11  therapy session on 11/11/19 … According to the information that has been presented to me

12  during her session of 11/11/19 …."). The notes from that session provide that after her

13  breakdown, Plaintiff was hospitalized and on suicide watch for eight days, released home, and

14  then assigned to a therapist. AR 1080-81. They do not include any medical evidence regarding

15  Plaintiff's inability to perform job duties after treatment and her hospitalization. *See id.* In

16  contrast, treatment notes from other providers after Plaintiff's discharge show she "remained

17  stable" on medication. AR 1141. Plaintiff reported no mood swings, suicidal thoughts, and

18  hallucinations. AR 1142-43, 1147, 1152, 1161, 1245, 1250, 1299, 1302. Plaintiff was also

19  cooperative, had appropriate effect, was able to answer questions directly without hesitation, and

20  had no difficulties with her reading or writing skills. AR 1245, 1504. While Plaintiff did report

21  depression and anxiety symptoms on occasion, she also described them as "well controlled,"

22  while her examinations showed her thought process and judgment and reasoning were within

23  normal limits, and her memory intact. AR 1150, 1504, 1510, 1513, 1516-17. Dr. Sarlak's session

24

notes outside of November 11 also fail to support Plaintiff's argument, as they include Plaintiff's

mental health history prior to her breakdown and Plaintiff's reports of symptom improvement

after medication and medication adjustments. *See* AR 1073-79, 1082-93. Given these treatment

notes, the ALJ reasonably found Dr. Sarlak's opinion inconsistent with Plaintiff's record.

With regard to Ms. Lyons's opinion, the ALJ's description that it reflects only a specific

period of Plaintiff's mental health crisis is not entirely accurate. The record shows Ms. Lyons

reviewed Plaintiff's records and conducted a mental status exam during her evaluation. AR

1123-29. However, the ALJ's overall finding that it is inconsistent with Plaintiff's record is

supported by substantial evidence. Ms. Lyons's opinion that Plaintiff has "poor" ability to carry

out and complete even simple instructions was based on Plaintiff's "inability to give complete

answers and carry out full tasks" during her evaluation. AR 1128. Yet, as discussed, Plaintiff's

other treatment notes show she was able to answer questions without hesitation, her thought

processes were within normal limits, and her memory intact. AR 1150, 1245, 1504, 1510, 1513,

1516-17.  Ms. Lyons explained Plaintiff's "extremely poor" ability to interact with others and

adapt was based of Plaintiff's inability to communicate with her evaluator, and Plaintiff's history

of resulting to violence and active hallucinations. AR 1128. But as discussed, Plaintiff

examinations showed she was cooperative, alert and oriented, with normal thought content,

speech, affect, and mood and no evidence of hallucinations or delusions. AR 1142-43, 1147,

1152, 1161, 1245, 1250, 1299, 1302, 1504. Overall, Ms. Lyons's proposed limitations are at

odds with the ALJ's cited treatment notes. Therefore, in finding Ms. Lyons's opinion

inconsistent with Plaintiff's record, the ALJ did not err.

The ALJ also noted Dr. Sarlak and Ms. Lyons had only examined Plaintiff on a few

occasions. AR 27-28. While not the most important factor, how frequent a medical source has

1  examined a claimant is factor the ALJ can consider. 20 C.F.R. §§ 404.1520c(3)(ii),

2  416.920c(3)(ii). That Dr. Sarlak and Ms. Lyon had limited relationships with Plaintiff further

3  supports the ALJ's decision to discount their opinions. *See id.*

4      Plaintiff cites several treatment notes throughout the record to support her assignment of

5  error with the ALJ's evaluation of the medical opinion evidence. Dkt. 12, pp. 5-7. Plaintiff's

6  citations are unpersuasive, as some are from prior to her amended alleged onset date. *See*

7  *Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of

8  limited relevance."). Moreover, they include Plaintiff's own reports of symptom improvement,

9  negating Dr. Sarlak's and Ms. Lyons's opinion, or notes about Plaintiff's physical condition,

10  which neither medical source addressed. *See* AR 993, AR 1152, 1421, 1452-55, 1463, 1161.

11      **C.      Dr. Regets and Dr. Gilbert**

12      Both Dr. Regets and Dr. Gilbert opined Plaintiff is not significantly limited to moderately

13  limited with her understanding and memory; sustained concentration and persistence; social

14  interaction; and adaptation. AR 104-08, 131-35, 160-63, 187-90. Plaintiff contends the ALJ erred

15  in finding their opinions persuasive, but fails to provide a particularized argument about the

16  ALJ's error, stating only that their "opinions are lacking in both supportability and consistency."

17  Dkt. 12, pp.7-8. Given the lack of specificity in Plaintiff's argument, Plaintiff failed to

18  demonstrate any harmful error on this issue. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th

19  Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where

20  the claimant did not "demonstrate prejudice from any errors"). The Court therefore rejects

21  Plaintiff's conclusory argument. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685,

22  692, n. 2 (9th Cir. 2009) (rejecting "any invitation" to find error where the claimant failed to

23  explain how the ALJ harmfully erred). Further, the Court cannot say the ALJ's supportability

24

1  and consistency findings are not supported by substantial evidence. Both physicians provided

2  narrative explanations for their proposed limitations, and the evidence cited by the ALJ showing

3  improvement of Plaintiff's symptoms and largely normal mental status examinations are

4  consistent, rather than contradictory, to their opinions. AR 1142-43, 1147, 1152, 1161, 1245,

5  1250, 1299, 1302, 1504.

6  **II.      Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom**

7  **Testimony**

8       Plaintiff testified that in October 2019, she had a mental health breakdown at work that

9  led to an eight-day hospitalization. AR 61-62.  She stated that since that incident, she has felt

10  confused, depressed, and stressed. AR 62. She explained she does not like crowds, cannot always

11  understand, follow or remember directions, and cannot work with others. AR 64, 72, 74-76. She

12  stated she rarely leaves the house by herself. AR 76. Plaintiff also testified to having ADHD,

13  bipolar disorder, and obsessive-compulsive disorder. AR 77.

14       If an ALJ rejects the testimony of a claimant once an underlying impairment has been

15  established, the ALJ must support the rejection "by offering specific, clear and convincing

16  reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v.*

17  *Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th

18  Cir. 1998) (citing *Bunnell v. Sullivan*, 947 F.2d 343, 346-47 (9th Cir. 1991)). As with all of the

19  findings by the ALJ, the specific, clear and convincing reasons also must be supported by

20  substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at

21  1214 n.1 (citing *Tidwell*, 161 F.3d at 601). "The standard isn't whether our court is convinced,

22  but instead whether the ALJ's rationale is clear enough that it has the power to convince."

23  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

24

1    Here, the ALJ explained Plaintiff's impairments could reasonably expect to cause some

2 of her alleged symptoms, but found her statements regarding the "intensity, persistence, and

3 limiting effects" of those symptoms inconsistent with the record. AR 26. In discounting

4 Plaintiff's testimony, the ALJ explained Plaintiff's symptoms after her discharge were "well-

5 controlled." AR 26. Evidence that medical treatment helped a claimant "return to a level of

6 function close to the level of function they had before they developed symptoms or signs of their

7 mental disorders . . . can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867,

8 876 (9th Cir. 2017) (quotations omitted). The ALJ also noted Plaintiff's mental status

9 examinations were "unremarkable." AR 26-27. "When objective medical evidence in the record

10 is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as

11 undercutting such testimony." *Smartt*, 53 F.4th at 498.

12    Here, evidence cited by the ALJ shows Plaintiff reported feeling depressed, difficulties

13 with concentration, and hallucinations of people walking alongside her. AR 1500. However, her

14 mental status examination from the same appointment shows her thought process, judgment, and

15 reasoning were within normal limits, and her memory intact. AR 1504. The examination also

16 shows no difficulty with reading or writing, and no delusions or hallucinations. *Id*. Later

17 examinations show similar results, as well notations regarding Plaintiff's "graduation from

18 [therapy] services due to decrease in reported symptoms." *See* AR 1507, 1510, 1513, 1516-17,

19 1521, 1523. Further, Plaintiff's more recent mental health records show she was discharged from

20 therapy because she had met her treatment goals. AR 1524. Her counselor noted she "no longer

21 meets medical necessity," and Plaintiff reported that "everything's good." *Id*. Given these

22 records, the ALJ's finding that Plaintiff's symptoms are not as intense and limiting as she alleged

23

24

1  during the hearing is well supported by the record. Therefore, in discounting Plaintiff's

2  testimony for these reasons, the ALJ did not err.

3        The ALJ also discounted Plaintiff's testimony based on her ability to perform activities of

4  daily living, including driving, shopping, going to church, and spending time with others. AR 27.

5  An ALJ may discount a claimant's symptom testimony when it is inconsistent with the

6  claimant's general activity level.  *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir. 2012);

7  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ cited Plaintiff's

8  functional reports where she described performing those activities. AR 439-45. The ALJ's

9  finding is not entirely persuasive. Plaintiff's ability to partake in social activities with others does

10  negate her testimony about her anxiety around being others or difficulties leaving the house, but

11  Plaintiff also wrote about her difficulties with concentrating and understanding and remembering

12  instructions, which does not contradict part of her testimony. *See* AR 443-44. Therefore, in

13  discounting Plaintiff's testimony based on her activity level, the ALJ partially erred. However,

14  because the ALJ also provided other valid reasons, supported by substantial evidence, to

15  discount that portion of Plaintiff's testimony, the ALJ's error is harmless. *See Carmickle*, 533

16  F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's

17  credibility does not negate the validity of the overall credibility determination and is at most

18  harmless error where an ALJ provides other reasons that are supported by substantial evidence).

19        Plaintiff maintains the medical record aligns with her testimony and supports her

20  argument by citing to the same records she used to dispute the ALJ's treatment of the medical

21  opinion evidence. Dkt.12, pp. 5-7. But again, Plaintiff's citations are from prior to her amended

22  alleged onset date and thus unpersuasive. *See Carmickle*, 533 F.3d at 1165. Further, they

23

24

1 | undermine Plaintiff's testimony because they include normal mental status examinations and her
2 | own reports of improvement. *See* AR 993, AR 1152, 1421, 1452-55, 1463, 1161.

3 | **III.    Whether the ALJ Erred in Evaluating Lay Witness Testimony**

4 | Plaintiff contends the ALJ erred by failing to discuss lay witness testimony from a Social
5 | Security Administration interviewer, and by failing to explain how he weighed testimony
6 | provided by Plaintiff's husband. Dkt. 12, pp.13-14. Defendant argues the agency employee did
7 | not provide probative evidence and ALJs are no longer required to articulate how they assess
8 | non-medical statements in their decisions. Dkt. 17, p. 12.

9 | Whether an ALJ need evaluate lay witness testimony is an issue the Ninth Circuit has yet
10 | to address. *See Stephens v. Kijakazi*, No. 22-35998, 2023 WL 6937296, at *2 (9th Cir. Oct. 20,
11 | 2023) ("We have not yet addressed whether under the new regulations an ALJ is still required to
12 | provide germane reasons for discounting lay witnesses."). From this Court's perspective, the
13 | regulations do not provide that the ALJ is free to disregard lay witness testimony, only that the
14 | ALJ is not required to articulate how [he] considered it according to the same requirements used
15 | in evaluating evidence from medical sources. *See* 20 C.F.R. §§ 404.1520c(e), 416920c(e)).
16 | However, "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same
17 | evidence that the ALJ referred to in discrediting the claimant's claims also discredits the lay
18 | witness's claims.'" *Molina*, 674 F.3d at 1122 (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th
19 | Cir.2011)). The Court has found the ALJ properly discounted Plaintiff's testimony. *See supra*,
20 | Section II. The interviewer's comment about Plaintiff's "difficulty understanding issues" and
21 | Mr. Rose's report do not describe any limitations beyond those provided by Plaintiff in her
22 | testimony. *See* AR 437, 462-69. The ALJ's valid reasons for discounting Plaintiff's testimony
23 | therefore apply equally in discounting lay witness testimony. *See Molina*, 674 F.3d at 1122.

24 |

**IV.     Whether the ALJ's RFC Assessment is Supported by Substantial Evidence and Whether the ALJ Based his Step Four Findings on an Erroneous RFC**

Plaintiff contends the ALJ erred by failing to account in her RFC limitations related to all her impairments. Dkt. 12, pp. 2-3. Consequently, Plaintiff also contends, the ALJ based his step four findings on an erroneous RFC. *Id*., pp. 14-15. However, an ALJ has no obligation to include in a claimant's RFC limitations from properly rejected opinions and testimony. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The Court has found the ALJ did not err in his assessment of the medical evidence and Plaintiff's testimony, and the ALJ did not harmfully err in his evaluation of lay witness testimony. Accordingly, Plaintiff's RFC is supported by substantial evidence, and the ALJ's step four findings were not based on an erroneous RFC assessment.

<u>CONCLUSION</u>

Based on the foregoing reasons, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is AFFIRMED.

Dated this 19th day of January, 2024.

David W. Christel
Chief United States Magistrate Judge